Ogonna M. Brown
Nevada Bar No. 000789
OBrown@LRRC.com
Brian D. Blakley
Nevada Bar No. 13074
BBlakley@LRRC.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

*Attorneys for Plaintiff Luv n' care, Ltd.*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| LUV N' CARE, LTD.<br><br>Plaintiff,<br><br>vs.<br><br>LINDSEY LAURAIN AND EAZY-PZ, LLC,<br><br>Defendants. | Case No.:<br><br>[Case No. 3:16-cv-00777-TAD-JPM, pending in the United States District Court for the Western District of Louisiana]<br><br>**MOTION TO COMPEL**<br><br>**Oral Argument Requested**<br><br>Date of Hearing:<br>Time of Hearing: |

Plaintiff Luv n' care, Ltd. ("LNC"), by and through its undersigned counsel, and pursuant to Federal Rules of Civil Procedure 37(a)(2) and 45(d)(2)(B)(i), hereby files this motion to compel third-party Blue Basin Medical, LLC ("Blue Basin") to produce documents responsive to a subpoena issued out of the United States District Court for the Western District of Louisiana, in the matter pending as *Luv N' Care, LTD. v. Lindsey Laurain, Eazy-PZ, LLC*, Case No. 3:16-cv-00777 ("Motion"). LNC also seeks an award of its fees and costs incurred in bringing this motion, as permitted under Rule 45(g). This Motion is supported by the following memorandum of points and authorities; the Declaration of Katherine S. Roth, Esq. ("Roth Decl."), Louisiana counsel for LNC; the Declaration of Ogonna M. Brown, Esq. ("Brown Decl."), local counsel for LNC, and any oral argument this Court permits.

106568627_1

## COMPLIANCE WITH LR 26-7(c)

The undersigned certifies that LNC "made a good faith effort to meet and confer" with Blue Basin before filing this Motion, as LR 26-7(c) requires. (*See* Meet and Confer Letter, Ex. 1; Brown Decl., Ex. 2, at ¶ 4).

DATED this 19th day of November, 2018.

LEWIS ROCA ROTHGERBER CHRISTIE LLP

By: _____
Ogonna M. Brown (SNB 7589)
Brian D. Blakley (SBN 13074)
3993 Howard Hughes Pkwy, Suite 600
Las Vegas, Nevada 89169
*Attorneys for Plaintiff Luv n' care*

## MEMORANDUM OF POINTS AND AUTHORITIES

## BACKGROUND AND PROCEDURAL HISTORY

LNC manufactures products for infants and children and markets many of them under its world-famous NUBY trademark. (*See generally* Am. Compl., Ex. 3). This Motion stems from an action pending in the Western District of Louisiana (the "<u>Underlying Action</u>") concerning LNC's NUBY-branded Sure Grip™ Miracle Mat™ Section Plate feeding mat and another all-in-one silicone feeding mat, the Happy Mat, made by Defendant Eazy-PZ, LLC ("<u>EZPZ</u>"). (*Id.*).

A.  **In early 2014, Lindsey Laurain formed EZPZ and began securing patents**

Lindsey Laurain is the founder and sole owner of EZPZ, and she is the claimed inventor of the Happy Mat. (*See, e.g., id.* ¶¶ 24-31, 64). In early to mid-2014, on information and belief, Ms. Laurain began the process of patenting her putative invention. EZPZ filed its application for a utility patent on July 17, 2014. (Am. Counterclaim ¶ 25, Ex. 9). After the application was rejected on grounds that the invention was unpatentable, EZPZ submitted false statements regarding its product and other products in an effort to deceive the Patent examiner. (Am. Compl.,

Ex. 3, ¶ 27). Only after the submission of these statements did the United States Patent and Trademark Office ("USPTO") issue United States Patent No. 9,462,903 (the "903 Patent") on October 11, 2016. ('903 Patent, Ex. 10). It also issued a design patent, D745,327 (the "327" Patent), on December 15, 2015. ('327 Patent, Ex. 11).

LNC launched its competing feeding mats in March 2016. (Am. Counterclaim ¶ 48, Ex. 9). Immediately thereafter, EZPZ began publicly characterizing them as knock-offs, or copies, and urging consumers to boycott all of LNC's products. (*See, e.g.*, Am. Compl., Ex. 3, ¶¶ 51-52, 73-74). EZPZ also falsely accused LNC of violating various intellectual property rights. (*See, e.g.*, *id.* ¶¶ 32-34; 64-68).

In June 2016, LNC initiated the Underlying Action in response to EZPZ's egregious and unlawful tactics. LNC contends that EZPZ engaged in unfair competition and false advertising and that it engaged in its anti-NUBY campaign for the improper purposes of interfering with LNC's sales and excluding LNC from the feeding mat market. (*Id.* ¶¶ 51-68). LNC also contends, *inter alia*, that EZPZ's patents are invalid and unenforceable, but that, even assuming they are valid, LNC's feeding mats do not infringe. (*Id.* ¶¶ 38-50).

In November 2016, EZPZ filed a Counterclaim (and it later filed an Amended Counterclaim), in which it alleges, among other things, that LNC infringed the '903 Patent and the '327 Patent. (Am. Counterclaim ¶¶ 60-69, 71-80, Ex. 9). Indisputably, these patents—and the events in 2014 underpinning their issuance—are central to EZPZ's counterclaims against LNC. Indeed, the months immediately preceding and following EZPZ's April 2014 formation are highly relevant to LNC's defenses to EZPZ's counterclaims.

**B.    During the months before and after EZPZ's formation, Mr. Laurain was a managing member of Blue Basin**

During the months immediately preceding and following EZPZ's formation in 2014, Mr. Laurain led nonparty Blue Basin, a Nevada limited liability company, where he was a founder and

managing member. (Nevada Sec. of State, Entity Information, Ex. 4). According to the Nevada Secretary of State, Blue Basin's status as a domestic limited-liability company is currently revoked. (*Id.*).

### C. Blue Basin likely possesses documents that are highly relevant to LNC's defenses to EZPZ's counterclaims

LNC believes that, at Blue Basin, Mr. Laurain and/or his colleagues exchanged, authored, or received documents or communications concerning EZPZ or Ms. Laurain that are highly relevant to EZPZ's counterclaims against LNC. For example, LNC believes that Blue Basin has documents or communications relevant to its defense that the '903 patent is invalid and/or unenforceable due to EZPZ's failure to disclose material information to the USPTO.

With this defense, LNC contends that the '903 Patent is invalid under 35 U.S.C. § 102 based on numerous instances of prior art. (*See, e.g.,* Am. Compl., Ex. 3, ¶ 47.). Ms. Laurain researched comparable existing products before she submitted her utility patent application. LNC has reason to believe that she communicated with Blue Basin about this research. (*See, e.g., in globo* Ex. 12, filed under seal). However, many examples of the prior art that she and others found were ultimately withheld from the USPTO. (*See, e.g.,* Am. Compl., Ex. 3, ¶ 47). Relatedly, LNC also contends that the '903 Patent is invalid, under 35 U.S.C. § 103, because the prior art renders all of its claims obvious. (*Id.*).

Additionally, LNC contends that EZPZ submitted false information to the USPTO by misrepresenting that Ms. Laurain was the sole inventor of the Happy Mat when, previously, EZPZ's own website identified Mr. Laurain as the person who came up with the idea for the Happy Mat. At a minimum, Mr. Laurain was a co-inventor whose identity EZPZ was required to disclose to the USPTO under 35 U.S.C. § 116. Specifically, LNC believes that Mr. Laurain's name was withheld from the USPTO because it is inconsistent with Ms. Laurain's effort to promote EZPZ as a Mom-invented, Mom-owned company. As a result of this inequitable conduct before the USPTO, LNC contends that the '903 Patent is invalid. LNC has reason to believe that Blue Basin is in possession of responsive documents relevant to these issues of inventorship and inequitable conduct. (*See, e.g.,* Ex. 12, filed under seal).

106568627_1

4

**D.  LNC served a subpoena on Blue Basin, and Blue Basin completely disregarded it**

Accordingly, on July 9, 2018, LNC issued a document subpoena to Blue Basin, listing five categories of documents for production (the "Subpoena"). (Subpoena, Ex. 5; Roth Decl., Ex. 6, at ¶ 7). While the Subpoena issued out of the Western District of Louisiana, it listed a Las Vegas address as the place of compliance. (Subpoena, Ex. 5). Specifically, the Subpoena required Blue Basin to deliver the requested documents on July 30, 2018 ("Deadline"), to Liskow & Lewis, c/o June's Legal Service, Inc., 630 South 10th Street, Suite B, Las Vegas, Nevada 89101. (*Id.*).

On July 12, 2018, LNC's process server served the Subpoena on Blue Basin, through its registered agent, Incorp Services, Inc. (Aff. of Service, Ex. 8; Roth Decl., Ex. 6, at ¶ 10). To date, Blue Basin has not objected to the Subpoena or otherwise contacted LNC, and it failed to produce anything on or before the Deadline. (Roth Decl., Ex. 6, at ¶ 11; Brown Decl., Ex. 2, at ¶ 7).

On October 16, 2018, the undersigned sent a letter to Blue Basin, explaining its failure to respond or object to the Subpoena and proposing dates and times for a meet-and-confer conference ("Meet and Confer Letter"). (Meet and Confer Letter, Ex. 1; Brown Decl., Ex. 2, at ¶ 4). Blue Basin's registered agent signed the return receipt for the Meet and Confer Letter, confirming that Blue Basin did, in fact, receive it. (Return Receipt, Ex. 7; Brown Decl., Ex. 2, at ¶ 6). To date, however, Blue Basin has not responded to the Meet and Confer Letter. (Brown Decl., Ex. 2, ¶ 7). Accordingly, LNC now moves to compel compliance with the Subpoena and for an award of fees and costs incurred in bringing this Motion.

**LEGAL ARGUMENT**

**A.  Court intervention is required, and Blue Basin has waived all objections to the Subpoena**

The Subpoena requires compliance in Las Vegas. Thus, this Court—and only this Court—is authorized to adjudicate this Motion to compel. *See, e.g.*, Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection." (emphasis added)); Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where discovery is or will be taken." (emphasis added)); *Argento v. Sylvania Lighting Servs.*

106568627_1

5

*Corp.*, 2015 WL 4918065, at *3 (D. Nev. Aug. 18, 2015) ("While the court where the action is pending issues subpoenas, the authority to adjudicate a motion to compel arising out of those subpoenas <u>is vested with the court where compliance is required</u>." (emphasis added)).

Rule 45 authorizes a party to subpoena "documents, electronically stored information, or tangible things," and such a subpoena "requires the responding person to permit inspection . . . of the materials." Fed. R. Civ. P. 45(a)(1)(D). While the subpoenaed entity has an opportunity to object to the subpoena, any such objections "must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(d)(2)(B). The failure to timely object results in a waiver. *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. 2012). Thus, a nonparty cannot ignore a subpoena and wait to attack or object to its requests in response to a motion to compel.

In the present case, more than three months have passed since LNC served the Subpoena on Blue Basin. To date, Blue Basin has not objected or responded to the Subpoena at all. Instead, Blue Basin simply disregarded the Subpoena and waited for LNC to seek assistance from this Court. Thus, Blue Basin stands in violation of a duly-issued subpoena, and it has waived all objections to the same. Accordingly, this Court should compel Blue Basin to produce all responsive documents without delay or objection.

**B.     LNC is entitled to the fees and costs it incurred with this Motion**

Additionally, the Court should hold Blue Basin in contempt of the Subpoena and award LNC its reasonable fees and costs. Under Rule 45, "[t]he court for the district where compliance is required . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena <u>or</u> an order related to it." Fed. R. Civ. P. 45(g) (emphasis added); *GENX v. Jackson*, 2018 WL 5777485, at *9 (D. Nev. Nov. 2, 2018) ("Under Rule 45, a court may hold in contempt a person who fails 'without adequate excuse' to obey a subpoena."); *PaineWebber Inc. v. Acstar Ins. Co.*, 211 F.R.D. 247, 249 (S.D.N.Y. 2002) ("The Court has the power under this rule to impose contempt simply on the basis of failure to comply with a subpoena."); *Sprint Nextel Corp. v. Ace Wholesale, Inc.*, 2014 WL 4308355, at *1 (S.D.N.Y. Aug. 26, 2014) (ordering nonparty to pay the fees and costs plaintiffs incurred by moving to compel

compliance with the subpoena); *see also Sec. Life Ins. Co. of Am. v. Duncanson & Holt, Inc.*, 11 F. App'x 926, 926 (9th Cir. 2001) (affirming sanctions against a nonparty for failure to comply with subpoena).

By ignoring the Subpoena—and refusing to respond to the Meet and Confer Letter—Blue Basin has taken an unreasonable position calculated only to frustrate and delay LNC's efforts to prosecute and defend its case. There is no good cause for Blue Basin, or its officers, to entirely disregard a properly-issued Subpoena—especially in a case involving a managing member, his wife, and his wife's company, EZPZ. Moreover, LNC previously issued a subpoena to Mr. Laurain in his individual capacity, and he represented that he had no responsive documents. (Roth Decl., Ex. 6, at ¶ 12). Accordingly, it is clear that at least one of Blue Basin's three managing members, Mr. Laurain, is aware of the Underlying Action and understands the nature of the allegations asserted against EZPZ and Ms. Laurain. Consequently, there is no excuse for Blue Basin to ignore the Subpoena. Rather, Blue Basin's conduct evidences "willful disobedience to or open disrespect of a court," which is the very definition of "contempt."[1] Therefore, the Court should find Blue Basin in contempt and award LNC its reasonable fees and costs. *E.g., Sprint*, 2014 WL 4308355, at *1 (holding nonparty in contempt for failing to comply with the plaintiffs' subpoena and using the contempt finding as a basis to award reasonable fees and costs).[2]

///
///
///
///

---

[1] Merriam-Webster Dictionary, Contempt, *available at* https://www.merriam-webster.com/dictionary/contempt (last visited Nov. 11, 2018).

[2] Once this Motion is fully briefed and decided, and to the extent this Court awards fees and costs, LNC will submit to this Court an itemized list of all fees and costs incurred in connection with bringing the Motion.

## CONCLUSION

For the foregoing reasons, this Court should enter an order compelling compliance with the Subpoena and award LNC the fees and costs it incurred by bringing this Motion.

DATED this ___ day of November, 2018.

                                              LEWIS ROCA ROTHGERBER CHRISTIE LLP

                                              By: _____
                                                  Ogonna M. Brown (SNB 7589)
                                                  Brian D. Blakley (SBN 13074)
                                                  3993 Howard Hughes Pkwy, Suite 600
                                                  Las Vegas, Nevada 89169
                                                  *Attorneys for Plaintiff Luv n' care*