Ogonna M. Brown
Nevada Bar No. 000789
OBrown@LRRC.com
Brian D. Blakley
Nevada Bar No. 13074
BBlakley@LRRC.com
Matthew R. Tsai
Nevada Bar No. 14290
MTsai@LRRC.com
LEWIS ROCA ROTHGERBER CHRISTIE LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, NV 89169
Telephone: (702) 949-8200
Facsimile: (702) 949-8398

*Attorneys for Plaintiff Luv n' care, Ltd.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUV N' CARE, LTD.<br><br>                    Plaintiff,<br><br>vs.<br><br>LINDSEY LAURAIN AND EAZY-PZ, LLC,<br><br>                    Defendants. | Case No.:   2:18-cv-02224-JAD-GWF<br><br>[Case No. 3:16-cv-00777-TAD-JPM, pending in the United States District Court for the Western District of Louisiana]<br><br>**PLAINTIFF'S RESPONSE TO BLUE BASIN MEDICAL LLC AND BRADLEY LAURAIN'S OBJECTION TO AND MOTION TO RECONSIDER ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL** |

Plaintiff Luv n' care, Ltd. ("LNC") hereby files this Response to Blue Basin Medical, LLC ("Blue Basin") and Bradley Laurain's Objection to and Motion to Reconsider Order Granting Plaintiff's Motion to Compel ("Motion to Reconsider"). This Response is made and based upon the attached Memorandum of Points and Authorities, all pleadings and papers on file in this action, and any oral argument that this Court might entertain.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

In the Motion to Reconsider, Blue Basin raises—for the first time—arguments that it should have raised in an opposition to LNC's Motion to Compel.  However, Blue Basin decided

107300616_1106501421_1

not to oppose LNC's Motion to Compel. Thus, Blue Basin not only consented to an order granting the Motion to Compel, LR 7-2(d), but also waived any arguments it could have made in an opposition. Accordingly, it is impermissible for Blue Basin to launch an untimely attack on the merits of the Motion to Compel or the resulting order. Moreover, the Motion to Reconsider is itself untimely—and therefore barred—under LR IB 3-1(a) and Fed. R. Civ. P. 72(a). Consistent with its conduct throughout these proceedings, Blue Basin fails to even mention—much less explain—its failure to comply with the controlling deadlines. For these reasons alone, the Court should deny the Motion to Reconsider.

But even if the Court ignores the fact that Blue Basin did not oppose the underlying motion and failed to timely file the Motion to Reconsider, it should still deny the Motion to Reconsider as meritless. Indeed, it comes nowhere near demonstrating that Judge Foley's order was contrary to law or clearly erroneous. Specifically, Judge Foley (1) granted LNC's Motion to Compel pursuant to LR 7-2(d), and (2) awarded fees and costs, under Rule 45(g), because Blue Basin disregarded and disobeyed a duly-issued federal subpoena and ignored LNC's meet-and-confer efforts. (Order, ECF No. 11). Blue Basin does not and cannot demonstrate that Judge Foley's decision to enforce the local rules and exercise his Rule 45(g) discretion is contrary to law or clearly erroneous. Furthermore, Blue Basin has not and cannot demonstrate that any of Judge Foley's factual determinations are clearly erroneous, because it never offered any competing facts *before* the order issued, and its contempt is clear from the record. Because of this, Blue Basin attempts to confuse this Court with irrelevant (and deeply flawed) legal arguments and new "facts," none of which were presented to Judge Foley while the Motion to Compel was pending. These waived arguments and new excuses do not satisfy Blue Basin's burden, and therefore, they cannot serve as grounds to reverse Judge Foley—especially under the controlling standards of review. Accordingly, this Court should deny the Motion to Reconsider and leave Judge Foley's discovery order in place.

## II.   FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On July 9, 2018, LNC served a document subpoena ("Subpoena") on Blue Basin out of the United States District Court for the Western District of Louisiana, in the matter pending as

Lewis Roca
ROTHGERBER CHRISTIE

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

1   *Luv N' Care, LTD. v. Lindsey Laurain, Eazy-PZ, LLC,* Case No. 3:16-cv-00777.  (*See* Subpoena,

2   ECF No. 1-5). The Subpoena required Blue Basin to deliver the requested documents on or before

3   July 30, 2018.  (*Id.*).  However, Blue Basin completely disregarded the Subpoena and failed to

4   produce anything or otherwise respond. (Roth Decl., ECF No. 1-6, at ¶ 11; Brown Decl., ECF No.

5   1-2, at ¶ 7; Motion to Compel, ECF No. 1, at 5).  On October 16, 2018, LNC sent a letter to Blue

6   Basin in an attempt to meet and confer and resolve the matter ("<u>Meet and Confer Letter</u>").  (ECF

7   No. 1-1).  Blue Basin's registered agent signed the return receipt for the Meet and Confer Letter,

8   confirming that Blue Basin did, in fact, receive it; however, Blue Basin did not respond to the

9   Meet and Confer Letter. (Return Receipt, ECF No. 1-7; Roth Decl., ECF No. 1-6). Instead, it

10  forced LNC to file the Motion to Compel, which it filed on November 19, 2018. (ECF No. 1).

11      Blue Basin filed no response to the Motion to Compel. Accordingly, on December 19,

12  2018, the Magistrate issued an order ("<u>Order</u>") granting the Motion to Compel. (ECF No. 11).

13  Specifically, it ordered Blue Basin to "produce all responsive documents . . . no later than

14  **December 28, 2018**" and awarded LNC its attorney fees and costs. (ECF No. 11).  In doing so,

15  the Order expressly held Blue Basin in contempt, pursuant to Rule 45(g), for failing, "without

16  adequate excuse," to obey the Subpoena. (ECF No. 11, p. 2:5-9).  The Order further instructed

17  LNC to file a memorandum of fees and costs by January 2, 2019 (ECF No. 11), and LNC timely

18  filed the memorandum.

19      On December 20, 2018, the day the Order was docketed, LNC's counsel promptly sent a

20  copy of the Order to Eazy-PZ, LLC's in-house attorney, Zac Garthe.  (Roth Aff., ECF No. 12-1, ¶

21  34).  Within approximately an hour, Attorney Garthe—who appeared to be acting as counsel for

22  Blue Basin—responded, stating in an email that Blue Basin's managing member, Brad Laurain,[1]

23  had located potentially responsive documents that he has yet to review. (Email, ECF No. 12-5).

24  Specifically, Attorney Garthe stated that Mr. Laurain "found a box of hard-copy documents, some

25  of which he said may relate to Blue Basin."  (*Id.*).  However, Mr. Laurain never followed up on

26  his representations, in that he never subsequently informed LNC that there were no responsive

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

---

[1]      Of note, the owner of the underlying defendant Eazy-PZ, LLC is Mr. Laurain's wife, Lindsey Laurain.

107300616_1                                                3

documents or that he even reviewed the potentially responsive documents. (Roth Aff., ECF No. 12-1, ¶¶ 33-38).  To this date, Blue Basin has failed to produce anything.

On January 2, 2019, LNC filed a Memorandum of Fees and Costs as instructed by the Order.  (ECF No. 12).  Furthermore, in light of Blue Basin's continuing contempt, on January 4, 2019, LNC filed a Motion for Contempt against Blue Basin and Mr. Laurain.  (ECF No. 13).  On January 17, 2019, Blue Basin filed its Response to the Memorandum of Fees and Costs, which included an affidavit by Mr. Laurain stating, for the first time, that Blue Basin never possessed any responsive documents, despite the earlier representations in Attorney Garthe's email. (Response, ECF No. 17; Laurain Aff., ECF No. 17-1).  Then, on January 25, a full thirty-six (36) days after receiving the Order, Blue Basin filed the instant Motion to Reconsider. (ECF No. 21).

## III.   ARGUMENT

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard.  28 U.S.C. § 636(b)(1)(A); *see also* FED. R. CIV. P. 72(a); LR IB 3-1(a) ("A district judge may consider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, where it has been shown that the magistrate judge's ruling is clearly erroneous or contrary to law.").  "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the *definite and firm conviction that a mistake has been committed*."  *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948) (emphasis added).  A magistrate's pretrial order issued under 28 U.S.C. § 636(b)(1)(A) *is not* subject to *de novo* review, and the reviewing court "may not simply substitute its judgment for that of the deciding court."  *Grimes v. City & County of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Here, the Court should decline to even entertain Blue Basin's Motion to Reconsider because Blue Basin (1) consented to the granting of LNC's Motion to Compel; and (2) failed to timely object to the Order. And even if the Court looks beyond these defects, it should decline to reconsider because nothing in the Order is contrary to law or clearly erroneous.

Lewis Roca
ROTHGERBER CHRISTIE

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

**A.**     ***Blue Basin has twice waived its right to challenge the Order***

As a threshold matter, Blue Basin has repeatedly waived its right to challenge the Order by (1) electing not to oppose the Motion to Compel, and thus, consenting to the granting of the Motion; and (2) untimely filing its Motion to Reconsider.

**1.**     **Blue Basin consented to the granting of LNC's Motion to Compel, and it cannot now unwind that consent**

Blue Basin could have and should have raised all of its newly proffered arguments and "facts" in a response to the Motion to Compel, but it chose not to. Instead, it made a calculated decision to withhold a response, presumably to save attorney fees under the flawed assumption that the Magistrate would deny LNC's Motion to Compel. Tellingly, Blue Basin concedes that the Motion to Compel was served on its registered agent, (Motion to Reconsider, ECF No. 21, p. 7:10-11), and it does not even attempt to suggest that it lacked notice of, or an opportunity to respond to, that motion. Inexplicably, Blue Basin fails to offer any excuses for its failure to file an opposition, hoping that this Court will ignore it. On this issue, Blue Basin's silence is deafening. Blue Basin undisputedly, and as a matter of law, consented to the granting of LNC's Motion to Compel. *See, e.g.*, *Burton v. Walgreen Co.*, 2014 WL 1577462, at *2 (D. Nev. April 18, 2014) ("Under local rule 7-2(d), [plaintiff's] failure to file points and authorities in response to [defendant's] motion to compel discovery constitutes consent to the motion as a matter of law. As such, the court must grant [defendant's] motion to compel discovery . . . ." (citation omitted)); *Martinez v. IRS*, 2015 WL 6872462, at *1 (D. Nev. Nov. 9, 2015) (providing that a party's failure to respond to motion for fees and costs constitutes the party's consent to granting such motion); *CSA-10 Corp. v. Ford*, 2015 WL 1986625, at *2 (D. Nev. May 1, 2015) (same). Thus, Blue Basin cannot possibly be heard to argue that the Magistrate's decision to grant the Motion to Compel was "clear error" or "contrary to law."

Indeed, it is well settled that Blue Basin's failure to respond to the underlying motion is fatal to the Motion to Reconsider. *See, e.g., Fudali v. Pivotal Corp.*, 2010 WL 4910263, at *5 (D.D.C. Dec. 2, 2010) (denying party's motion for reconsideration of order granting motion to compel and request for fees and costs where the party failed to oppose the underlying motion);

*Smith v. Diamond Offshore Mgmt. Co.*, 2008 WL 2038935, at *3 (E.D. La. May 12, 2008) (declining to reconsider an order granting unopposed motion to compel and holding that "[i]t is not an error or injustice for the Court to evenhandedly apply" its Local Rules); *Morgan v. Cort Bus. Servs. Corp.*, 2008 WL 191188, at *1 (D. Conn. Jan. 22, 2008) (denying motion for reconsideration and holding that it is not clear error to grant unopposed motion to compel). For this reason alone, the Court should deny the Motion to Reconsider. Moreover, it should hold that any argument Blue Basin could have raised in an opposition to the underlying motion is now waived.

**2.    The Motion to Reconsider is untimely and therefore barred**

Blue Basin's Motion to Reconsider is time barred, because it failed to file this Motion to Reconsider/Objection within the 14-day deadline imposed by both LR IB 3-1(a) and Fed. R. Civ. P. 72(a). Under LR IB 3-1(a), "[a]ny party wishing to object to the magistrate judge's order on a pretrial matter must file and serve specific written objections," and any such objections are subject to a 14-day "<u>deadline</u>." Rule 72(a) includes the same 14-day deadline, and mandates that "[a] party may not assign as error a defect in the order not timely objected to." *Id.*

Here, the Magistrate Judge docketed the Order on December 20, 2018, and on that day, LNC's counsel undisputedly sent a copy of the Order to Attorney Garthe, who responded within the hour, making representations concerning Blue Basin's purported efforts to respond to the Subpoena. (Roth Decl., ECF No. 12-1, ¶ 34; Email, ECF No. 12-5). Thus, the deadline to file the instant Motion to Reconsider expired on January 3, 2019, and Blue Basin did not file until January 25, 2019. (ECF No. 21). Accordingly, the Motion is untimely and therefore barred.

Furthermore, on January 4, 2019, LNC served Blue Basin with a copy of the Memorandum of Fees and Costs, and Blue Basin concedes that it again received notice of the Order. (ECF No. 15; Response, ECF No. 18, p. 4:19-21). Thus, even accepting that the 14-day deadline did not begin to run until this second notice—on January 4—it still expired on January 18, a full week before Blue Basin filed the Motion to Reconsider. Thus, no matter how the deadline is calculated, the Motion to Reconsider is untimely.

1    "Deadlines are not meant to be aspirational" and Blue Basin's "[c]ounsel must take

2    responsibility for the obligations to which [they] committed and get the work done by the

3    deadline." *Young v. City of Palm Bay, Fla.*, 358 F.3d 859, 864 (11th Cir. 2004). "A district court

4    must be able to exercise its managerial power to maintain control over its docket, and absent good

5    cause for an extension, the Court's deadlines must be enforced." *Id.*; *see also Mangham v. Westin*

6    *Hotel Management,* LP, 2017 WL 4540712 (N.D. Ga. Oct. 11, 2007) ("The Court must enforce

7    its deadlines to ensure fairness to all sides and to all litigants, including those who work hard—

8    and make difficult choices—to meet the deadlines set by the Local Rules." (internal quotation

9    marks omitted)).

10    Here, Blue Basin completely ignores the fact that its Motion to Reconsider is late, and it

11    makes no efforts to explain its failure to comply with the Rule-mandated deadline.  Likewise, it

12    never requested —much less received—leave of Court or an extension from LNC's counsel or the

13    Court before filing its untimely Motion to Reconsider. Instead, it simply hoped that its delay

14    would go unnoticed.

15    Blue Basin's disregard for the Court's rules and deadlines is consistent with its conduct

16    throughout these proceedings, including, among other things, its (1) failure to respond to or

17    comply with the Subpoena;[2] (2) failure to respond to LNC's meet-and-confer efforts;[3] (3) failure

18    to respond to LNC's Motion to Compel;[4] (4) failure to comply with the Order;[5] (5) failure to

19    timely respond to LNC's Motion for Contempt; [6] and now, (6) failure to timely object to the

20    Order.  Accordingly, this Court should deny Blue Basin's untimely Motion to Reconsider.  *See*

21    Fed. R. Civ. P. 72(a) ("A party may not assign as error a defect in the order not timely objected

22    to."); *see also Amatangelo v. Borough of Donora*, 212 F.3d 776, 780 (3rd Cir. 2000) ("Indeed, an

23    untimely motion for reconsideration is void and of no effect." (internal quotation marks omitted));

24    *Anoruo v. Valley Health Sys., LLC*, 2018 WL 5886536, *4 (D. Nev. Nov. 9, 2018) (denying

25    motion for reconsideration of sanction order in light of its untimeliness); *McSwiggin v. Limousine,*

26    [2]    Roth Decl., ECF No. 1-6, ¶ 11; Order, ECF No. 11.
27    [3]    Brown Decl., ECF No. 1-2, ¶ 4; Order, ECF No. 11.
      [4]    Order, ECF No. 11.
28    [5]    Motion for Contempt, ECF No. 13.
      [6]    Reply, ECF No. 22, pp. 2-3.

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

2017 WL 342046, *5 (D. Nev. Jan. 23, 2017) (denying party's objection to magistrate's order as untimely when filed four days past objection deadline); *United States v. Payne,* 2016 WL 7428196, at *1 n.1 (D. Nev. Dec. 22, 2016) (denying motion for joinder to objection because motion was effectively an objection and was not filed within fourteen-day mandatory objection deadline).

### 3. All of Blue Basin's arguments and allegations are improperly raised for the first time in the Motion to Reconsider

It is procedurally improper for Blue Basin to use a motion to reconsider to attack a ruling on a motion that it did not oppose in the first instance. Specifically, a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000); *United States ex rel. Luke v. Healthsouth Corp.*, 2017 WL 5346385 (D. Nev. 2017) (acknowledging that arguments and evidence not raised before magistrate judge but raised for the first time in a Local Rule IB 3-1(a) objection is deemed waived).  Indeed, "because the Federal Magistrates Act exists to relieve the district courts of unnecessary work, 'it would defeat this purpose if the district court was required to hear matters anew on issues never presented to the magistrate.'"  *United States v. Quackenbush*, 2016 WL 356027, at *2 (D. Nev. Jan. 28, 2016) (quoting *Bordon v. Secretary of Health & Human Servs.*, 836 F.2d 4 (1st Cir. 1987)).

In the present case, the Motion to Reconsider consists *entirely* of legal and factual attacks on the Motion to Compel. The Magistrate never had an opportunity to consider any of these arguments *before* entering the Order, and every one of them could have been asserted in an opposition to the Motion to Compel, which was undisputedly served on Blue Basin's registered agent. By withholding these arguments from the Magistrate, Blue Basin waived them, and it cannot now raise them for the first time here. The Magistrate did not fail to consider or properly resolve any of the arguments presently before this Court; instead, Blue Basin failed to raise them. This, of course, is no basis to reverse the Magistrate. Rather, it is yet another basis to deny the Motion to Reconsider.  *See, e.g.*, *Paleteria La Michoacana, Inc. v. Productos Lacteos Tocumbo*

1   *S.A. De C.V.*, 79 F. Supp. 60, 72 (D.D.C. Feb 3, 2015) (holding that "a motion for reconsideration

2   generally is not an opportunity for a party to relitigate an issue that was or should have been

3   raised at an earlier stage," and that this "*is never truer than when a party fails to meet its*

4   *procedural obligation to oppose* [*a motion*] *and then that party seeks to correct its error through*

5   *a motion for reconsideration*" (emphasis added)).

6   **B.   *Nothing in the Order is contrary to any law***

7   Ignoring Blue Basin's other failures, the Motion to Reconsider also lacks any merit.

8   Specifically, Blue Basin argues that the Order is contrary to law because (1) the federally-issued

9   Subpoena is procedurally barred by NRS 86.505; and (2) the Magistrate lacked the authority to

10   sanction Blue Basin.  (*See* Motion to Reconsider, ECF No. 21, pp. 6-10).  Blue Basin is wrong on

11   both counts.

12   **1.   NRS 86.505 does not allow Blue Basin to disregard the Subpoena, but
       instead, mandates compliance**

13

14   Blue Basin argues that under Nevada law, it was not required to comply with the federally

15   issued Subpoena and is immune from this Court's enforcement powers because of its alleged

16   defunct status.  This argument borders on frivolous.

17   First, Blue Basin argues that, under NRS 86.274(5), a revoked company is necessarily a

18   dissolved company.  (Motion to Reconsider, ECF No. 21, p. 6).  This is unsupported by NRS

19   86.274(5)'s plain language, which provides, in relevant part, as follows:

20       If the charter of a limited-liability company is revoked and the right to
21       transact business is forfeited, all of the property and assets of the defaulting
         company must be held in trust by the managers or, if none, by the members of the
22       company, and the same proceedings *may be had with respect to its property and
         assets as apply to the dissolution of a limited-liability company* pursuant to NRS
23       86.505 and 86.521.  *Any person interested may institute proceedings at any time
         after a forfeiture has been declared . . . .*
24

25   (Emphases added.)

26   Thus, contrary to Blue Basin's interpretation that the revocation of a company's charter

27   automatically triggers the dissolution of such company, NRS 86.274(5) instead provides that,

28   upon revocation of a company's charter, members of the company *may* institute proceedings

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

1    similar to a dissolved company *only after a forfeiture has been declared*.  Therefore, Blue Basin's

2    revocation date does not equate to its date of dissolution, and thus, did not automatically trigger

3    the three-year statute-of-limitations period under NRS 86.505(1).[7]

4          Second, nothing in NRS 86.505(1) even remotely suggests that a statute of limitations on

5    "any remedy or cause of action" extends to third-party "subpoenas" – much less subpoenas issued

6    out of a United States District Court. Indeed, nothing in the statute suggests that it creates a

7    "statute of limitation" on third-party discovery. Yet, this is exactly how Blue Basin asks the Court

8    to read it. That is, according to Blue Basin, if NRS 86.505 creates a statute of limitations on

9    causes of action, it necessarily creates a similar limitation on third-party subpoenas. This

10   argument is entirely unsupported by the statute, and it contradicts any ordinary understanding of

11   statutes of limitation. And more to the point, it confirms that Blue Basin's core argument for

12   reconsideration requires it to grasp at straws.

13         Third, with its NRS 86.505 argument, Blue Basin effectively argues that a Nevada statute

14   preempts enforcement of a subpoena issued under Federal Rule of Civil Procedure 45.

15   Unsurprisingly, Blue Basin cites no authority to support such an implausible preemption theory,

16   and LNC is aware of none. To the extent Blue Basin actually believes that a Nevada statute can

17   preempt a federal court from enforcing a subpoena issued under a Federal Rule, it should have

18   cited authority to that effect. Its failure to do so only confirms that its argument lacks merit.

19         Fourth, even assuming that Blue Basin was dissolved on the day its charter was revoked

20   and that a federally issued subpoena falls within the purview of NRS 86.505(1), the Subpoena

21   nonetheless was timely brought within NRS 86.505(1)'s three-year deadline.  Specifically, Blue

22   Basin alleges that the statutory deadline to commence any remedies or causes of action was July

23   31, 2018, and LNC served the Subpoena on July 12, 2018.  (Motion to Reconsider, ECF No. 21,

24   pp. 6-7; Affidavit of Service, ECF No. 1-8).  Thus, even accepting Blue Basin's absurd (and

25   preempted) reading of NRS 86.505, the Subpoena was actually served during the three-year

---

[7]         NRS 86.505(1) provides in relevant part that "[t]he dissolution of a limited-liability company does not impair any remedy or cause of action available to or against it or its managers or members commenced . . . *within 3 years after the date of dissolution with respect to any other remedy or cause of action*.  Any such remedy or cause of action not commenced within the applicable period is barred."  (emphasis added.)

1    limitations period, wholly undermining its argument. Moreover, Blue Basin cannot be heard to

2    argue that the resulting contempt proceedings constitute a separate, untimely cause of action

3    under NRS 86.505(1). *See D. Patrick, Inc. v. Ford Motor Co.*, 8 F.3d 455, 459 (7th Cir. 1993)

4    (providing that contempt proceedings are not separate causes of action, but instead "are

5    considered to be a part of the action from which they stem" (internal quotation marks omitted));

6    *see also Scruggs v. Vance*, 2012 WL 423486, at *1 (E.D. Cal. Feb. 8, 2012) ("Even though

7    subpoenas are issued by attorneys, they are issued on behalf of the Court and should be treated as

8    orders of the Court." (internal quotation marks omitted)).   Indeed, it would be absurd to suggest

9    that Blue Basin had a statutory duty to comply with the Subpoena for the duration of the statutory

10   deadline, but by stalling compliance, stripped the Subpoena of its validity and the Court of its

11   enforcement power.

12          Fifth, and perhaps most importantly, in light of Blue Basin's reliance on NRS 86.505 and

13   agreement that LNC's Subpoena was timely brought within the three-year window, Blue Basin

14   must concede that it has a statutory duty to comply with the Subpoena, despite its alleged defunct

15   status.   Specifically, Blue Basin argues that LNC's Subpoena falls within the ambit of "any

16   remedy or cause of action" under NRS 86.505, which further provides that "[a] dissolved

17   company continues as a company for the purpose of . . . defending suits, actions, proceedings and

18   claims of any kind or nature by or against it."   Accordingly, NRS 86.505 expressly requires that

19   Blue Basin comply with duly-served Subpoenas.[8]   Notably, this statutory duty defeats all of Blue

20   Basin's arguments that its defunct status allowed it to disregard the Subpoena.[9]   (Motion to

21   _____

22   [8]      Blue Basin argues that, as a defunct entity, it does not "have any funds from which it could hire and retained
     [sic] counsel to respond to the [S]ubpoena or respond to the [M]otion to [C]ompel."   (Motion to Reconsider, ECF No.
     21, p. 7:20).  First, Blue Basin does not need counsel to respond to the Subpoena, and cites to no authority to support

23   such a proposition.  Second, Blue Basin does not even attempt to suggest that its current representation is provided on
     a pro-bono basis, and this alone undermines its argument that it lacks the resources necessary to comply with a duly

24   issued Subpoena.
     [9]      In particular, Blue Basin argues that the Court should reconsider the Order by directing LNC to pursue

25   discovery directly against Blue Basin's managing members as opposed to Blue Basin, because the individual members
     have the "practical ability to obtain the document."   (Motion to Reconsider, ECF No. 21, p. 8:13).  This argument

26   lacks any merit because a subpoena properly served on a corporation necessarily binds those who are legally
     responsible for the corporation.  *U.S. v. Laurins*, 857 F.2d 529, 535 (9th Cir. 1988) ("An order to a corporation binds

27   those who are legally responsible for the conduct of its affairs.  *De facto as well as de jure officers are responsible for
     enabling a corporation to comply with orders directed to it.*" (citations omitted) (emphasis added)).   Thus, LNC was

28   not required to serve the Subpoena on each managing member of Blue Basin because LNC properly served the
     Subpoena on Blue Basin, which was sufficient to put all of Blue Basin's managing members on notice of compliance

1  Reconsider, ECF No. 21, pp. 7-9).  Accordingly, the Order was not contrary to law in requiring

2  Blue Basin to comply with the Subpoena.

3       **2.    The Magistrate properly exercised its discretion to sanction Blue Basin
            for its contempt**

4

5       Blue Basin argues that, under Federal Rule of Civil Procedure 45(g), the Magistrate lacked

6  discretion to award sanctions for Blue Basin's unexplained failure to respond to the Subpoena,

7  LNC's meet-and-confer efforts, and LNC's Motion to Compel.  (Motion to Reconsider, ECF No.

8  21, pp. 9-10).  This argument likewise fails.

9       First, the Ninth Circuit has held that a complete failure to object, quash, or even respond to

10  a subpoena unquestionably permits sanctions.[10]  *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708

11  F.2d 492, 494 n.5 (9th Cir. 1983) (agreeing that "a subpoena duces tecum is itself a court order,

12  and noncompliance may warrant contempt sanctions," but that "[o]nce the person subpoenaed

13  objects to the subpoena, however, the provisions of Rule 45(d) come into play.  Then the party

14  seeking discovery must obtain a court order directing compliance"); *see also U.S. S.E.C. v. Hyatt*,

15  621 F.3d 687, 694 (7th Cir. 2010) ("Here, BCI did not serve a written objection or move to quash

16  or modify the subpoenas.  The SEC therefore was *not required* to first obtain a court order

17  compelling compliance with its subpoenas before initiating contempt proceedings." (Emphasis

18  added.)).

19

20  with the Subpoena.  Moreover, NRS 86.505 required that Blue Basin's managing members, including Mr. Laurain, comply with the Subpoena, despite Blue Basin's alleged defunct status.  Blue Basin nonetheless argues that LNC should have been required to demonstrate that Blue Basin, as opposed to the individual managing members, continued to hold its company records.  (Motion to Reconsider, ECF No. 21, p. 8:19-21).  This argument runs afoul of the corporate fiction—that individual managing members of Blue Basin are a part of Blue Basin, and any potentially responsive documents held by individual members means that Blue Basin has potentially responsive documents. Blue Basin must understand that a corporation is composed of persons and that Blue Basin itself cannot possess documents in the literal sense.  Finally, any burden in responding to the Subpoena clearly fell on Blue Basin.  *F.D.I.C. v. Garner*, 126 F.3d 1138, 1144 (9th Cir. 1997) ("[T]he party opposing the subpoena bears the burden of demonstrating that the subpoena is unreasonable.").  Accordingly, the foregoing arguments lack merit.

[10]    Indeed, the Magistrate retains "broad discretion to fashion an appropriate and effective remedy" in imposing sanctions.  *Automobili Lamborghini v. Sangiovese, LLC*, 2014 WL 4792619, at *3 (D. Nev. Sept. 25, 2014); *see also United States v. Latney's Funeral Home, Inc.*, 41 F. Supp. 3d 24, at *36 (D.D.C. May 8, 2014) ("Federal courts have broad equitable powers to craft remedial sanctions for civil contempt. A court's goal is to fashion a remedy that will coerce the contemnor into compliance, compensate the complainant for losses due to the noncompliance, or both." (citation omitted)).

Lewis Roca ROTHGERBER CHRISTIE  3993 Howard Hughes Pkwy, Suite 600  Las Vegas, NV 89169-5996

Second, the cases relied upon by Blue Basin actually undermine Blue Basin's position. For example, *N.L.R.B. v. Midwest Heating & Air Conditioning, Inc.*, concerned nonparties who were subject to a subpoena duces tecum issued by an administrative agency. 528 F. Supp. 2d 1172, 1175-76 (D. Kan. Dec. 19, 2007).  In that case, the nonparties partially complied with their respective subpoenas, but refused to fully comply until the subpoenas were accompanied by a court order.  *Id.* at 1176.  Accordingly, the movant filed a petition seeking a court order requiring the nonparties to comply with the subpoenas, as well as attorney's fees and costs arising out of the petition against the nonparties.  *Id.* at 1180.  In ruling on the movant's request for fees and costs, the *N.L.R.B.* Court first clarified that "[u]nlike Rule 37, Rule 45 contains no express provision for awarding attorneys' fees or sanctions to a party that has prevailed on a motion to compel"; instead, Rule 45(g) requires that a nonparty must fail to obey an order, such as a court-issued subpoena, before contempt sanctions may be imposed.  *Id.* at 1181.  Accordingly, the *N.L.R.B.* Court denied the movant's request for attorney fees and costs, holding that "an administrative subpoena issued by the [National Labor Relations Board] is not the same as an order issued by a judicial officer in the resolution of a specific dispute," and thus, the nonparties did not actually disobey any court orders to support sanctions under Rule 45(g).  *Id*.  Unlike *N.L.R.B.*, here, the Subpoena was not issued by an administrative agency, but instead, by the United States District Court for the District of Louisiana. (Subpoena, ECF No. 1-5).   Thus, Blue Basin's blatant disregard of the Subpoena was effectively a blatant disregard of a court order, and a contempt finding was therefore appropriate.

Blue Basin also relies on *In re Plise*, which narrowly tailored its holding to state that "[w]hen a nonparty *has objected* to a subpoena under Civil Rule 45(c)(2)(B) *or even when its objection has been first raised in a motion to quash*, a court may not invoke its contempt powers for failure to comply without first issuing an order compelling that compliance."  506 B.R. 870, 879 (B.A.P. 9th cir. 2014) (emphases added).  In particular, the *In re Plise* Court recognized that "[u]nder Civil rule 45(e), a court may hold in contempt a person who fails 'without adequate excuse' to obey a subpoena," and that noncompliance with a subpoena following timely served written objections qualify as an "adequate excuse" for failing to obey the subpoena.  *Id.* at 878.

1    Unlike *In re Plise*, here, Blue Basin never responded to the Subpoena, let alone objected to it.

2    Thus, Blue Basin did not have an "adequate excuse" for its total disregard of the Subpoena.

3    Accordingly, the foregoing cases do not support Blue Basin's position, but actually support

4    sanctioning Blue Basin for disobeying the Subpoena.  Thus, the Order was not contrary to law for

5    granting LNC its requested fees and costs.

6          **C.      The Magistrate's findings are not clearly erroneous**

7          Blue Basin argues that the Order contains clearly erroneous factual determinations.

8    (Motion to Reconsider, ECF No. 21, pp. 10-13).  In support of its argument, Blue Basin cites

9    extensively to facts and language from LNC's Motion to Compel and the Subpoena, even though

10   such material appears nowhere in the Order.  (*Id.*).  Notably, the only factual determination in the

11   Order that Blue Basin actually disputes is regarding LNC's meet-and-confer efforts.  (Motion to

12   Reconsider, ECF No. 21, p. 10:20-23).  The specific language from the Order is as follows:

13   "Plaintiff's counsel further indicates that on October 16, 2018, he sent a letter ("Meet and Confer

14   Letter") to Blue Basin regarding its lack of response to the Subpoena and proposing dates and

15   times for a meet and confer conference.  This letter was served on Blue Basin's registered agent."

16   (Order, p. 1:22-25).

17         However, this factual determination is clearly supported by evidence.  (Meet and Confer

18   Letter, ECF No. 1-1; Return Receipt, ECF No. 1-7).  Notably, Blue Basin fails to articulate how

19   this factual determination is clearly erroneous; instead, Blue Basin confusingly argues that "the

20   Order fails to consider *the effect*" of serving the Meet and Confer Letter "on a defunct entity's

21   registered agent."  (Motion to Reconsider, ECF No. 21, p. 10:22-24 (emphasis added)).  Stated

22   another way, Blue Basin does not dispute that LNC properly served the Motion to Compel on its

23   registered agent; instead, it argues that its contemptuous acts were justified in light of Mr.

24   Laurain's feigned ignorance of the Subpoena.  (Motion to Reconsider, ECF No. 21, p. 12).  Thus,

25   Blue Basin's argument is none other than a disguised attempt to reargue that its defunct status

26   precluded it from complying with the Subpoena and that LNC was required to personally serve

27   Mr. Laurain with the Subpoena. This argument should have been raised—if at all—in response to

28

Lewis Roca
ROTHGERBER CHRISTIE

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

1    the Motion to Compel, when LNC initially argued Blue Basin's non-compliance and contempt.

2    But it wasn't. Instead, Blue Basin saved it until now. Thus, it is waived.

3          Moreover, the argument is meritless for several reasons.  First, Blue Basin's repetitious

4    defunct-status excuse fails because, as previously discussed, a subpoena properly served on a

5    corporation necessarily requires that those legally responsible for the corporation ensure that the

6    subpoena is complied with.  *U.S. v. Laurins*, 857 F.2d 529, 535 (9th Cir. 1988) ("An order to a

7    corporation binds those who are legally responsible for the conduct of its affairs.  *De facto as well*

8    *as de jure officers are responsible for enabling a corporation to comply with orders directed to*

9    *it*." (citations omitted) (emphasis added)).  Moreover, by repeatedly asking the Court to apply

10    NRS 86.505, Blue Basin must concede that, even as a defunct entity, it has a statutory duty to

11    "continue[ ] as a company for the purpose of . . . defending suits, actions, proceedings and claims

12    of any kind or nature by or against it."  Because a dissolved company must participate in *any*

13    proceedings initiated against it, Blue Basin must comply with the duly-issued Subpoena, which

14    Blue Basin does not dispute was timely served within the three year statutory deadline.  Indeed,

15    "[e]ven where the corporation has become defunct or has been dissolved, its books and papers are

16    still in existence and impressed with the incidents attending corporate documents."  81 Am. Jur.

17    2d *Witnesses* § 106.  Accordingly, because Blue Basin—by its own admission—was properly

18    served with the Subpoena, it cannot now excuse its contempt by relying on Mr. Laurain's feigned

19    ignorance.  (Motion to Reconsider, ECF No. 21, p. 7:10-11).

20          Next, Blue Basin argues that the Subpoena was duplicative of a separate subpoena that

21    LNC served on Mr. Laurain in his individual capacity.  (Motion to Reconsider, ECF No. 21, p.

22    12:7-8). This argument should have been raised—if at all—in response to the Motion to Compel

23    compliance with Subpoena. Thus, like Blue Basin's other arguments, it is now waived.

24          And turning to the merits (or lack thereof) of this argument, LNC must highlight the

25    following facts to this Court's attention: In Mr. Laurain's response to his individual subpoena, he

26    conclusively stated that there are no responsive documents. (Laurain Aff., ECF No. 17-1, ¶ 10;

27    Roth Decl., ECF No. 1-6, ¶ 12).  Later, however, when the Magistrate docketed its Order

28    compelling compliance with the so-called "duplicative" Subpoena, Mr. Laurain's representative,

Lewis Roca
ROTHGERBER CHRISTIE

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Attorney Garthe, took a contrary position. (*See* Email, ECF No. 12-5; Rothe Decl., ECF No. 12-1, ¶ 34). Specifically, he represented that Mr. Laurain possessed potentially responsive documents that he had yet to review. (*Id.*). That is, Mr. Laurain represented that he had nothing responsive to the individual-capacity subpoena, but potentially had documents responsive to the Blue Basin Subpoena. This confirms either (1) that the two subpoenas are not duplicative; or (2) that Mr. Laurain's conclusive response to the "duplicative" individual-capacity subpoena was inaccurate, incomplete, or the result of a failure to take reasonable steps to locate the "potentially responsive" documents he has now discovered. Neither scenario warrants reversing the Magistrate's contempt finding.

Finally, Blue Basin argues that neither it nor Mr. Laurain ever had any responsive documents, and thus, they technically complied with the Subpoena. (Motion to Reconsider, ECF No. 21, p. 13:3-8).  In support of its argument, Blue Basin cites to Mr. Laurain's affidavit, which provides as follows:

> *On information and belief,* Blue Basin has no documents related to the lawsuit between LNC and my wife's company, Eazy-PZ, LLC.  *I do not believe it ever had any documents related to the lawsuit.*

(Laurain Aff., ECF No. 17-1, ¶ 9 (emphases added)).[11]

As an initial matter, this *ex post facto* statement ("Statement") is wholly irrelevant to the Court's "clearly erroneous or contrary to law" standard of review because Blue Basin's failure to even respond to the Subpoena, the Meet and Confer Letter, and the Motion to Compel formed the basis of the Order granting the Motion to Compel.  28 U.S.C. § 636(b)(1)(A).  Moreover, this is yet another argument that could have been offered in opposition to the Motion to Compel, and it is therefore waived. Further still, the Statement is contradicted by clear evidence, and it constitutes a defective substitute for what should have been a proper response to the Subpoena.

First, the Statement is contradicted by clear evidence.  The Email that Attorney Garthe sent to LNC's counsel provides, in relevant part, as follows

---

[11]       Contrary to Mr. Laurain's assertion in the affidavit, the Subpoena did not broadly seek "documents related to the lawsuit," but instead, as Blue Basin concedes, "only seeks a very limited amount of business records from Blue Basin."  (Response to Memorandum of Fees and Costs, ECF No. 17, p. 4:15-16).

> Earlier this week, Brad found a box of hard-copy documents, some of which he said may relate to Blue Basin. If so, I am not sure if they are responsive to the subpoena. Brad also told me neither he nor his former business associate retained any electronic records at all.

(Email, ECF No. 12-5).

Thus, although Blue Basin argues that it never had any responsive documents at the time it was served with the Subpoena, this is entirely contradicted by Attorney Garthe's representations that Mr. Laurain possessed potentially responsive documents *after* the Order was entered. Thus, the Order was not clearly erroneous by compelling Blue Basin to comply with the Subpoena.

Second, contradictions aside, Mr. Laurain's way-too-late, self-serving affidavit Statement is not a proper "response" to a duly issued Subpoena, meaning it provides no basis to reverse the Magistrate. *See, e.g.*, *United States v. Peitz*, 2002 WL 453601, at *4 (N.D. Ill. Mar. 22, 2002) ("Even if there are no responsive documents, the SEC . . . should formally respond to the subpoena by stating that there are no responsive documents."); *Burgin v. La Pointe Mach. Tool Co.*, 161 F.R.D. 44, 47 (D. S.C. 1995) (A failure to respond, object, or quash a subpoena under Rule 45 mandates granting of motion to compel.); *cf.*, *e.g.*, *Forsythe v. Brown*, 281 F.R.D. 577, 587 (D. Nev. Feb. 6, 2012) (providing that the failure to timely object to a subpoena results in a waiver).

Notably, neither Blue Basin nor Mr. Laurain ever indicated that Blue Basin possessed no responsive documents *before* LNC was forced to move to compel. Rather, Blue Basin did not offer this information until *after* the Court issued its Order. (*See* Laurain Aff., ECF No. 17-1, ¶ 9). By withholding this putative "fact," Blue Basin forced LNC to incur otherwise unnecessary fees and costs prosecuting the Motion to Compel. This is not "technical compliance" with a Subpoena, as Blue Basin now suggests; indeed, it is the exact opposite. If, as Blue Basin now argues, there never were any responsive documents, it certainly could have provided this information during the several months between the issuance of the Subpoena and the Motion to Compel, or in response to the Meet-and-Confer Letter, or at some other point before the Order issued. And tellingly, Blue Basin does not even try to suggest otherwise.

17

Lewis Roca
ROTHGERBER CHRISTIE

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE

1    However, instead of complying with the Subpoena and providing a response *prior* to the

2    Subpoena's deadline, the Motion to Compel, or the Order, Blue Basin chose to remain silent and

3    needlessly burden LNC with the cost of these proceedings. This is no basis to reverse the

4    Magistrate; if anything, it is a basis to uphold it. Accordingly, the Court should reject Blue

5    Basin's argument that Mr. Laurain's months-late affidavit Statement demonstrates "technical

6    compliance" with the Subpoena.[12]

7    Finally, ignoring all of the affidavit's other defects, it is substantively inadequate as a

8    response to the Subpoena. Indeed, it is far more remarkable for what it does not say than what it

9    does say. It does not, for example, say that Blue Basin and Mr. Laurain exercised due diligence or

10   took even a single reasonable step to comply with the Subpoena. Likewise, it does not state any of

11   the steps Mr. Laurain or Blue Basin took to comply with the Subpoena. Similarly, it does not

12   explain why there are absolutely "no records" preserved by Blue Basin, (Motion to Reconsider,

13   ECF No. 21, p. 8:25), despite the fact that Mr. Laurain found potentially responsive documents

14   relating to Blue Basin, (Email, ECF No. 12-5). And perhaps most importantly, it does not explain

15   what—if anything—Blue Basin did to determine that the emails requested in the Subpoena simply

16   do not exist. If, for example, Blue Basin used a third-party email server (e.g. Google or Gmail), as

17   is often the case, Blue Basin had a duty to review all of its emails presently stored by that third-

18   party—as all such emails are presumably still subject to Blue Basin's control. And in any case,

19   Blue Basin has never represented that such emails are "not reasonably accessible."  Fed. R. Civ.

20   P. 45(e)(1)(D). Indeed, Blue Basin does not even attempt to suggest that it took any efforts to

21   review, locate, or retrieve such emails. Instead, it simply asserts, that "on information and belief,"

22   no documents exist. (Laurain Aff., ECF No. 17-1, ¶ 9). This hallow, conclusory response is

---

[12]    Had Blue Basin actually responded to the Subpoena, LNC could have tested its "no responsive documents" assertion, without filing the Motion to Compel, through tools such as a deposition. *See, e.g.*, *NML Capital Ltd. v. Rep. of Argentina*, 2014 WL 3898021, at *2 (D. Nev. Aug. 11, 2014) )("Normally, if a person responds to a discovery request and asserts that no responsive documents exist, the Federal Rules of Civil Procedure provide mechanisms for testing the responding person's assertion. Rules 30 and 45 authorize the requesting party to subject the responding person to a deposition, if the responding person is within the court's subpoena power."). However, Blue Basin short-circuited those procedures and forced LNC to seek relief from this Court by remaining unresponsive until after the Order and lodging its assertion in a months-late affidavit. Obviously, this is not the same as serving a proper subpoena response, and it is not "technical compliance."

inadequate, and it exemplifies Blue Basin's attitude toward these proceedings. Simply put, Blue Basin and Mr. Laurain have failed to represent that they have done anything to comply with the Subpoena.  Accordingly, the Order was not clearly erroneous.

**IV.    CONCLUSION**

For the foregoing reasons, this Court should deny Blue Basin's Objection to and Motion to Reconsider Order Granting Plaintiff's Motion to Compel.

DATED this 8th day of February, 2019.

LEWIS ROCA ROTHGERBER CHRISTIE LLP


By:   _____*/s/ Ogonna M. Brown*_____
    Ogonna M. Brown
    Nevada Bar No. 000789
    Brian D. Blakley
    Nevada Bar No. 13074
    Matthew R. Tsai
    Nevada Bar No. 14290
    3993 Howard Hughes Parkway, Suite 600
    Las Vegas, NV 89169

    *Attorneys for Plaintiff Luv N' Care, Ltd.*

107300616_1

19

**CERTIFICATE OF SERVICE**

Pursuant to Fed. R. Civ. P. 5, I hereby certify that service of the forgoing ***Plaintiff's Response To Blue Basin Medical LLC and Bradley Laurain's Objection To and Motion To Reconsider Order Granting Plaintiff's Motion To Compel*** was made through the United States District Court's CM/ECF electronic filing/e-service system.

Alexander G. LeVeque
Ross E. Evans
SOLOMON DWIGGINS & FREER, LTD.
9060 West Cheyenne Avenue
Las Vegas, NV  89129

*Attorneys for Blue Basin Medical LLC*

DATED this 8th day of February, 2019.

_____/s/ Annette Jaramillo_____
An employee of Lewis Roca Rothgerber
Christie LLP

3993 Howard Hughes Pkwy, Suite 600
Las Vegas, NV 89169-5996

Lewis Roca
ROTHGERBER CHRISTIE