**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| LUV N' CARE, LTD., | Case No.: 2:18-cv-02224-JAD-EJY |
| Plaintiff, | **ORDER** |
| v. | |
| LINDSEY LAURAIN, *et al.*, | |
| Defendants. | |

Before the Court is Plaintiffs' Supplemental Memorandum of Attorney Fees (Submitted Pursuant to ECF No. 33).

The U.S. District Court for the District of Nevada has largely adopted the hybrid lodestar/multiplier approach, used by the Supreme Court in *Hensley v. Eckerhart,* 461 U.S. 424 (1983), as the proper method for determining the amount of attorney's fees due in most actions. The lodestar/multiplier approach has two parts. First, the court determines the "lodestar" amount by multiplying the number of hours reasonably expended on a motion by a reasonable hourly rate. *Hensley,* 461 U.S. at 433. To get to this calculation, the party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed. *Id.* The district court will then, generally, exclude from the lodestar amount hours that are not reasonably expended because they are "excessive, redundant, or otherwise unnecessary." *Id.* at 434. Second, after calculating the total amount requested, the court may adjust the lodestar upward or downward using a "multiplier" based on factors not subsumed in the initial calculation. *Blum v. Stenson,* 465 U.S. 886, 898–901 (1984) (reversing upward multiplier based on factors subsumed in the lodestar determination); *Hensley,* 461 U.S. at 434 n. 9 (noting that courts may look at "results obtained" and other factors but should consider that many of these factors are subsumed in the lodestar calculation).

Here, the Court finds that the $500 hourly rate charged for time spent by Oganna Brown, a partner and 18 year practitioner who clerked for the U.S. Court of Appeals, is commensurate with her skills, experience, and reputation and, therefore, is reasonable. The Court further finds that the

1

16 hours spent by Ms. Brown is reasonable. Mr. Blakely is the associate on the matter. Mr. Blakely graduated in 2013, and clerked for U.S. District Judge Jones. His time is charged at $390 an hour. Mr. Blakely spent 44.9 hours on the Motion for Contempt (the "Motion"), including researching, drafting, and editing the briefing on the fee request.

A review of the billing entries by Mr. Blakely includes numerous communications regarding or revising documents in light of Mr. Roth's comments and feedback on the Motion. This time totals 10.3 hours. In addition to this 10.3 hours, there was time spent communicating with Mr. Roth and revising documents pertaining to the briefing on the fee request that was not broken out by Plaintiff in their billing records. Instead, these sections of the time entries are block-billed. Thus, conservatively, the Court estimates an additional four (4) hours was spent (out of entries totaling 11.7 hours in which Mr. Roth is mentioned) in communication with or responding to comments by Mr. Roth. While the Court understands the importance of the Motion and request for fees, upon review, the Court finds the 14.3 hours, coupled with the time spent by Ms. Brown, is excessive or redundant. Thus, the Court reduces the total lodestar amount spent by Mr. Blakely communicating with or responding to communications with Mr. Roth by seven (7) hours. Mr. Blakely's total time is therefore reduced to 37.9 reimbursable hours billed.

In sum, having carefully reviewed the papers filed with respect to Plaintiff's request for fees, and the time entries submitted, the Court awards a total of $7,110 in attorneys' fees for time spent by Liskow & Lewis, $8,000 (16 x $500) in attorneys' fees for time spent by Ms. Brown, and $14,781 (37.9 x 390) in fees for time spent by Mr. Blakely. The total award of fees is therefore $29,891.

Accordingly,

IT IS HEREBY ORDERED that Plaintiff's Request for Attorney's Fees (found in ECF No. 12), which fees were denied without prejudice on September 10, 2019 for failure to fully support the request, and which is now supported by Plaintiff's Supplemental Memorandum of Attorney Fees (ECF No. 33), is GRANTED.

IT IS FURTHER ORDERED that if the District Court rejects Blue Basin Medical LLC and Bradley Laurain's Objection to and Motion to Reconsider the Order of the Court (the "Objection") issued by Judge George Foley, Jr. (Ret.) on December 19, 2018 (ECF No. 11), and therefore adopts

| | |
|---|---|
| 1 | ECF No. 11 as entered, a total of $29,891.00 in reasonable attorney fees shall be due Luv N' Care, |
| 2 | Ltd. from Blue Basin Medical, LLC and Bradley Laurain within 10 business days after such order. |
| 3 | In any other circumstance, such as a modification of ECF No. 11 entered on December 19, 2018, |
| 4 | this Order shall be held in abeyance, and neither Blue Basin nor Mr. Laurain shall be required to pay |
| 5 | any amount pursuant to this instant Order, until such time as the parties have had an opportunity to |
| 6 | resolve all outstanding issues arising from ECF No. 11, the December 11, 2018 order issued by the |
| 7 | Court. |

DATED: September 24, 2019.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE