# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Luv N' Care, Ltd.,

    Plaintiff

v.

Lindsey Laurain, *et al.*,

    Defendants

Case No.: 2:18-cv-02224-JAD-EJY

**Order Overruling Objections to Order Granting Plaintiff's Motion to Compel**

[ECF Nos. 21, 25, 27]

    Luv N' Care, Ltd. (LNC) filed this action to compel Blue Basin Medical, LLC to produce documents responsive to a subpoena issued in a matter pending in the United States District Court for the Western District of Louisiana. After Blue Basin did not respond to the motion, Magistrate Judge Foley granted the motion to compel and awarded LNC attorney's fees and costs. Blue Basin and its managing member Bradley Laurain (collectively, respondents) object under Local Rule IB 3-1, arguing that Magistrate Judge Foley erred because (1) Blue Basin was a defunct entity, (2) Magistrate Judge Foley was required to find Blue Basin in contempt before awarding attorney's fees, and (3) Magistrate Judge Foley's order relied on factual determinations that were clearly erroneous. Respondents filed a reply in support of their objections without leave of the court; the parties filed countermotions to strike and accept the reply. I grant the motion to accept the reply brief, but I overrule the objections because they fail on their merits.

## Background

    This action arises out of an intellectual property case pending in the United States District Court for the Western District of Louisiana, *Luv N' Care, LTD. v. Lindsey Laurain, Eazy-PZ, LLC*, No. 3:16-cv-00777-TAD-JPM. Laurain is the husband of a defendant in that case and was

a managing member of Blue Basin.[1]  Blue Basin has been "out of business since mid-to-late 2014," however, and the Nevada Secretary of State revoked its charter and business license on July 31, 2015.[2]

In July 2018, LNC issued a subpoena to Blue Basin in the Louisiana case and now moves this court to enforce it in Nevada.[3]  Blue Basin did not respond to the subpoena, a meet-and-confer letter sent to Blue Basin's registered agent, or the motion to compel.[4]  So on December 19, 2018, Magistrate Judge Foley issued an order compelling Blue Basin to produce documents responsive to the subpoena by December 28, 2018, and awarding attorney's fees.[5]

**Discussion**

When a litigant challenges a magistrate judge's ruling on a pretrial matter like this one, he must show that the "order is clearly erroneous or contrary to law."[6]  The objecting party "must file and serve specific written objections" within "14 days after service of the order."[7]  "Replies will be allowed only with leave of the court."[8]  "The district judge may affirm, reverse, or modify in whole or in part, the magistrate judge's order" or "remand the matter to the magistrate judge with instructions."[9]

---

[1] ECF No. 21 at 2–3.

[2] *Id.*

[3] ECF No. 1.

[4] ECF No. 1 at 5.

[5] ECF No. 11.

[6] 28 U.S.C. § 636(b)(1)(A); LR IB 3-1(a).  In this action for enforcement of a foreign subpoena, LNC's motion to compel may be viewed as dispositive.  But even if I applied a *de novo* standard of review, I would overrule these objections.

[7] LR IB 3-1(a).

[8] *Id.*

[9] LR IB 3-1(b).

2

## I. The subpoena can be enforced against Blue Basin.

Respondents object that Magistrate Judge Foley erred by enforcing the subpoena against Blue Basin because the three-year statute of limitations applicable to dissolved entities expired before it filed this action. LNC responds that: (1) the revocation of a company's charter does not trigger the statute-of-limitations period to sue it; (2) the statute of limitations does not apply to subpoenas; (3) the statute of limitations does not "preempt" a federal subpoena; and (4) even if the statute of limitations applies, LNC served the subpoena before it expired.

Under Nevada Revised Statutes § 86.274(2), an LLC's "right to transact business is forfeited" when its charter is revoked. But "the right to transact business that is forfeited on charter revocation does not normally include an LLC's capacity to be sued and be sued."[10] And after revocation, an LLC's "property and assets . . . must be held in trust by the managers . . . and the same proceedings may be had with respect to its property and assets as apply to the dissolution of a limited-liability company" under Nevada Revised Statutes §§ 86.505, 86.521.[11] Under § 86.505, a dissolved company continues as a company for the purposes of "defending suits, actions, proceedings and claims of any kind or nature by or against it," collecting and discharging its obligations, and disposing and conveying its property, but not for the purpose of continuing the business for which it was established.[12] And the dissolution "does not impair any remedy or cause of action available to or against [the company] or its managers or members commenced . . . within 3 years after the date of dissolution with respect to any other remedy or cause of action."[13]

---

[10] *AA Primo Builders, LLC v. Washington*, 245 P.3d 1190, 1195 (Nev. 2010).
[11] Nev. Rev. Stat. § 86.274.
[12] *Id.* § 86.505.
[13] *Id.*

3

Even assuming that the subpoena and subsequent motion to compel constitute a "remedy or cause of action" subject to the statute of limitations, LNC was timely. It served the subpoena on Blue Basin's registered agent before the three-year period expired on July 31, 2018.[14] And although it moved to compel later, the motion to compel enforcement of the subpoena is not a separate cause of action. As LNC points out, any different interpretation would allow a dissolved entity to avoid a subpoena by delaying compliance until the three-year period expires.[15] Because Nevada law subjects the defunct LLC to the subpoena and motion to compel, I overrule the objection on this ground.

**II.    Magistrate Judge Foley did not err by awarding attorney's fees.**

Respondents argue that Magistrate Judge Foley erred by awarding attorney's fees without having first ordered compliance with the subpoena.[16] District courts have "wide latitude in determining whether there has been a contemptuous defense of [a court] order."[17] Rule 45(g) permits the court to hold "in contempt a person who, after having been served, fails without adequate excuse to obey the subpoena or an order related to it."[18] "Although the subpoena is in a sense the command of the attorney who completes the form, defiance of a subpoena is

---

[14] ECF No. 21 at 1.

[15] ECF No. 23 at 11.

[16] ECF No. 21 at 9. Respondents argue for the first time in their reply that Magistrate Judge Foley erred by awarding sanctions without first requiring service of an order to show cause on Blue Basin's managing members and considering the probable effectiveness of awarding attorney's fees. ECF No. 24 at 9–11. I exercise my discretion to not consider these new arguments because they were raised for the first time in the reply, depriving the opposing party of the opportunity for fair response. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) (district court has discretion to ignore new arguments raised in reply brief).

[17] *Stone v. City & Cty. of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992), *as amended on denial of reh'g* (Aug. 25, 1992).

[18] Fed. R. Civ. P. 45(g).

nevertheless an act of defiance of a court order and exposes the defiant witness to contempt sanctions."[19]

Respondents have not identified, and I have not found, any controlling authority requiring a court to order compliance with a properly-issued subpoena before making a contempt determination under Rule 45(g). LNC's original subpoena was a court order. By not responding to it, Blue Basin failed to obey a court order without adequate excuse.[20] So I overrule this objection because the award is permissible under Rule 45(g)'s plain language.

### III. Magistrate Judge Foley's factual determinations were not clearly erroneous.

Respondents object to three "factual determinations" made explicitly or implicitly by Judge Foley, arguing that (1) it was clear error to grant the motion to compel where Laurain had not been personally served with the subpoena, (2) LNC could not have met its meet-and-confer obligations because it did not serve Laurain, and (3) Blue Basin and Laurain are in compliance with the subpoena because they have no responsive records.[21]

Respondents' first two arguments are inapposite. Magistrate Judge Foley's order compels *Blue Basin* to produce responsive documents and requires *Blue Basin* to pay attorney's fees and costs.[22] Whether *Laurain* should also be held in contempt is the subject of another motion.[23] And respondents do not contest that Blue Basin was properly served through its

---

[19] Fed. R. Civ. P. 45 advisory committee's note to 1991 amendment.

[20] *See Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983) ("[A] subpoena duces tecum is itself a court order, and noncompliance may warrant contempt sanctions. Once the person subpoenaed objects to the subpoena, however, the provisions of Rule 45(d) come into play. Then the party seeking discovery must obtain a court order directing compliance.").

[21] ECF No. 21 at 10–13.

[22] ECF No. 11.

[23] ECF No. 13.

5

registered agent. Instead, they argue that Magistrate Judge Foley should have "consider[ed] the *effect* of serving the subpoena and meet[-]and[-]confer letter on a defunct entity's registered agent" rather than Laurain,[24] effectively conceding that Blue Basin was properly served and that LNC met its meet-and-confer obligations vis-à-vis Blue Basin.

With regard to respondents' contention that they were in compliance with the subpoena because they have no responsive documents, this statement has no bearing on whether Magistrate Judge Foley erred because Blue Basin did not object or otherwise respond to the subpoena or motion to compel. Even if it mattered, respondents' conclusory statement that the documents do not exist "on information and belief" is not an adequate response to the subpoena, particularly because it is contradicted by prior statements made on behalf of Laurain.[25] So I overrule these objections as irrelevant and meritless. And because I overrule all of respondents' objections on their merits, I do not address LNC's procedural reasons for overruling the objections.[26]

**IV.  I accept respondents' reply in support of their objections.**

Respondents submitted a reply brief in support of their objections to Magistrate Judge Foley's order without the leave of court required by Local Rule IB 3-1(a). The parties filed countermotions to strike and accept the reply.[27] Respondents explain that they assumed replies were permitted because they received an ECF notification stating that their reply was due on

---

[24] ECF No. 21 at 10 (emphasis added).

[25] *Id.* at 4.

[26] *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). LNC's arguments that Blue Basin waived its right to challenge Magistrate Judge Foley's order are mooted by my decision that the objections fail on their merits.

[27] ECF Nos. 25, 27.

6

February 15, 2019.[28]  Although the parties must follow the local rules, the misleading message docketed by the court excuses their violation.  Additionally, LNC raised numerous procedural arguments in its opposition.[29]  Although I rule on the merits, a reply was appropriate so that respondents could address them.  So I grant the motion to accept and deny the motion to strike.  This leniency, however, should not be construed as a license for future violations of this or any other local rule.

**Conclusion**

IT IS THEREFORE ORDERED that Blue Basin and Bradley Laurain's objections **[ECF No. 21]** to Magistrate Judge Foley's order granting LNC's motion to compel **[ECF No. 11] are OVERRULED**.

IT IS FURTHER ORDERED that LNC's motion to strike Blue Basin and Bradley Laurain's reply in support of its objections **[ECF No. 25] is DENIED** and that Blue Basin and Bradley Laurain's motion to accept their reply **[ECF No. 27] is GRANTED.**

Dated: September 26, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[28] ECF No. 27 at 2.
[29] ECF No. 23 at 5–9.